UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-4737-DSR Date: August 21, 2026

Title NELSON EDUARDO PINTO ORELLANA v. FERETI SEMAIA, et al.

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DOC NO. 4) WITHOUT PREJUDICE**

On August 19, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that Respondents are holding him in immigration detention in violation of the Constitution and laws of the United States, and consented to proceed before a Magistrate Judge for all purposes under 28 U.S.C. § 636. See Pet. (Doc. No. 1); Consent to Magistrate Judge (Doc. No. 5). Concurrently with filing the Petition, Petitioner also filed a Motion for an emergency Temporary Restraining Order. See Doc. No. 4. The Court finds the Motion appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); Local Civil Rule 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

Due to the influx of Petitions for Writs of Habeas Corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05. See Doc. No. 7. The General Order provides an expedited briefing schedule on petitions like Petitioner's. Id. at ECF pp. 2, 5. The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-4737-DSR Date: August 21, 2026

Title NELSON EDUARDO PINTO ORELLANA v. FERETI SEMAIA, et al.

petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." Id. at ECF p. 5.

Petitioner offers the following argument to attempt to make that required showing:

> As a result of his arrest and detention, Mr. Pinto Orellana is suffering irreparable and ongoing harm. The unconstitutional deprivation of "physical liberty unquestionably constitutes irreparable injury." Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017). Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Since being detained, Mr. Pinto Orellana suffers from heightened anxiety and persistent concern for his family, given that he is the main breadwinner and his wife does not work, as she must care full time for their youngest daughter, Mia, who has autism and other special needs. (Exhibit B). His family is now under intense financial pressure and emotional strain without Mr. Pinto Orellana's support. His detention has also placed his job at risk and destabilized his family's housing situation. Without the financial support of Petitioner or his wife's two sisters, Petitioner's family will be unable to maintain their payment of rent and will have to move out. Every additional day Mr. Pinto Orellana spends in unlawful detention subjects him and others to further irreparable harm.

Doc. No. 4 at ECF p. 11.

Such facts do not constitute an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule" as required under the General Order. See Doc. No. 7 at ECF p. 6. As another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO," and "a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-4737-DSR Date: August 21, 2026

Title NELSON EDUARDO PINTO ORELLANA v. FERETI SEMAIA, et al.

ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." Haiyan Wang v. Warden, 5:26-cv-01595-DFM, 2026 WL 931095, at *1 (C.D. Cal. Apr. 2, 2026); see also Bozoian v. Noem, No. 5:26-cv-1727-MWF-AYP, 2026 WL 1045662, at *1 (C.D. Cal. Apr. 13, 2026) ("Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in his Petition. If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot. Nor does Petitioner address in the Motion why immediate relief is warranted in spite of the standard scheduling order, as required by the General Order. See General Order 26-05 at 3."); Argueta v. Secretary of Homeland Security, 5:26-cv-01687-JLS-E, Doc. No. 7 (C.D. Cal. Apr. 7, 2026) (denying TRO based on General Order 26-05); Chen v. Mullin, 5:26-cv-01684-MCS-PVC, Doc. No. 7 (C.D. Cal. Apr. 8, 2026) (similar).

The same is true here; Petitioner does not show in his Motion for an emergency TRO any additional harms beyond those alleged in the Petition itself, nor does he explain why the consideration on the expedited briefing scheduled under the General Order is inadequate. While the Court does not discount the harm of each day of allegedly unlawful detention does to a person, the Court has before it a large number of habeas petitioners facing the same situation, and Petitioner here has not shown in his Motion any reason why he should go to the head of that line.

Therefore, the Motion for an emergency TRO is **DENIED** without prejudice. The briefing on the merits of this Petition will be subject to the expedited schedule under General Order 26-05, under which Respondents' Answer is due on August 27st. See Doc. No. 7. Petitioner may file a Reply within 3 days of service on him of Respondents' Answer. The Court will rule on the Petition as fast as possible following the filing of the parties' briefs.

**IT IS SO ORDERED.**

:

**Initials of Preparer** LK